

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | **L**AW **D**EPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Andrea O'Connor<br>Labor & Employment Law Division<br>Phone: 212-356-4015<br>Fax: 212-356-1148<br>aoconnor@law.nyc.gov |

October 25, 2021

**VIA ECF**
Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Greene v. NYC Health and Hospitals Corp.
                   Docket No. 21 CV 04380 (DG)(PK)

Dear Judge Gujarati:

        I am the Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, assigned to represent defendant New York City Health and Hospitals Corporation ("H+H") in the above referenced action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York State Labor Law ("NYLL"). I write today pursuant to Section III.A of Your Honor's Individual Rules and Practices to set forth the grounds for defendant's anticipated motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

        Plaintiff commenced this action on behalf of herself and a putative collective alleging, among other things, that Defendant violated the FLSA and the NYLL by failing to pay Plaintiff for all hours worked when she worked over 40 hours in a week. Plaintiff alleges that she worked as a "security person" at H+H's Woodhull Hospital and Cumberland Hospital and that for the time period of December 14, 2020 through May 21, 2021, she "regularly worked sixty (60) hours a week." *See* Dkt. No. 1, Complaint at ¶ 12. Plaintiff alleges that during the week of May 9, 2021 she worked 60 hours that week and alleges that she should have been paid $1,220 for that work. *See id.* at ¶ 27. The Complaint is silent as to what plaintiff was actually paid for that week. *See generally id*. Plaintiff goes on to generally allege that she "regularly worked" more than 40 hours in unidentified weeks but that she did not receive "premium" overtime pay. *Id.* at ¶ 30. Plaintiff further alleges that she was not provided with a statement of wages and/or notice of her rate of pay as required by the NYLL. *Id.* at ¶¶ 33,34.

1

### A. Plaintiff's FLSA Claim

The Complaint demonstrates a remarkably clear-cut failure to adhere to the pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) and is therefore ripe for dismissal.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility only if it pleads a "set of facts sufficient to raise a right to relief above the speculative level." *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 506 (E.D.N.Y. 2011) (quotations omitted). Section 207(a)(1) of the FLSA requires that eligible employees working in excess of 40 hours in a workweek be compensated for the work in excess of 40 hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Thus, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated [or undercompensated] time in excess of 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Further, a pleading that "theoretically put[s] [a plaintiff] over the 40-hour mark in one or another unspecified week (or weeks)" is insufficient. *Lundy*, 711 F.3d at 115. Critically to this Complaint, "[a]llegations that a plaintiff worked more than forty hours are insufficient" to withstand a motion to dismiss. *Serrano v. I. Hardware Distribs., Inc.*, 2015 U.S. Dist. LEXIS 97876, *5 (S.D.N.Y. July 27, 2015).

Plaintiff has identified one specific workweek in which she alleges that she worked over 40 hours, namely May 9, 2021. The Complaint, however, does not allege that plaintiff was underpaid during this week. This failure warrants dismissal of plaintiff's FLSA claim under *Lundy*. Additionally, plaintiff's remaining generalized allegations that she "regularly worked" more than 40 hours in unidentified weeks but that she did not receive "premium" overtime pay also do not suffice. *See Lundy*, 711 F.3d at 115 (allegations that "could theoretically" assert hours "over the 40-hour mark in one or another unspecified week (or weeks)" does not plausibly allege a FLSA claim).

Finally, the Second Circuit requires an evaluation of the factual allegations by a named plaintiff to determine their adequacy in wage and hour collective actions. *See Lundy*, 711 F.3d at 114. "To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to [the] [p]laintiff. A plaintiff can carry that burden, at the notice stage, by presenting substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Guzman-Reina v. ABCO Maint., Inc.*, No. 17 CV 1299, 2017 U.S. Dist. LEXIS 213558, at *4 (E.D.N.Y. Jan. 2, 2018) (citations and quotation marks omitted). Plaintiff fails to state a FLSA collective action claim for the same reason her individual claim fails: namely, the FAC fails to identify a single workweek in which plaintiff or a member of the putative collective was underpaid in violation of the FLSA. For this reason, her collective action claim fails.

### B. Plaintiff's NYLL Claims

With respect to plaintiff's claims pursuant to the NYLL, these claims must be dismissed because H+H is a political subdivision of the State of New York and therefore the applicable provisions of the NYLL do not apply. Both the NYLL and the New York State Department of Labor Regulations specifically exclude from coverage any employees working for an entity, such as H+H, which is a political subdivision of the state. *See El v. Potter*, 2004 U.S. Dist. LEXIS 24447, *37 (S.D.N.Y. Dec. 6, 2004) ("The New York State Minimum Wage Act. . . excludes from coverage those people employed 'by a federal, state or municipal government or political subdivision thereof.'"). Pursuant to NYLL § 651(5)(n), an employee is "any individual employed or permitted to work by an employer in any occupation, but shall *not* include any individual who is employed or permitted to work: (n) by a federal, state or municipal government or political subdivision thereof." (emphasis added). The New York State Department of Labor mirrors this definition in excluding, "any individual employed by a Federal, State or municipal government or political subdivision thereof." Section 12 N.Y.C.R.R. § 142-3.12(b). Since the named plaintiff, and the class she seeks to represent, was employed by H+H, a political subdivision of the State of New York, she is not covered by the NYLL and its implementing regulations and her causes of action under the NYLL must be dismissed.

Indeed, all of the courts within the Southern District of New York that have confronted this issue have determined that H+H is a political subdivision and thus exempt from the NYLL. *See Cromwell v. New York City Health and Hospitals Corporation*, 983 F. Supp. 2d 269 (S.D.N.Y. Oct. 16, 2013); *Ali v. New York City Health & Hosps. Corp.*, 2013 U.S. Dist. LEXIS 41886, at *7-8 (S.D.N.Y. Mar. 25, 2013); *Drayton v. Metroplus Health Plan, Inc.*, 791 F. Supp. 2d 343 (S.D.N.Y. Apr. 12, 2011); *see also Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824 at *44 (S.D.N.Y. Sep. 6, 2012)(holding that the Westchester County Health Care Corporation is an exempt as a political subdivision for purposes of the NYLL); *but see Massiah v. Metroplus Health Plan, Inc.*, 2011 U.S. Dist. LEXIS 154724 (E.D.N.Y. Apr. 9, 2012).

In the *Cromwell, Ali* and *Drayton* cases, defendant H+H moved to dismiss plaintiff's NYLL claims on the ground that H+H is exempt from the NYLL. After analyzing the nature of the employing organization, i.e. H+H, the Honorable Paul A. Crotty, the Honorable Jed S. Rakoff and the Honorable Paul A. Engelmayer, respectively, determined that, as a matter of law, H+H is a political subdivision of the State of New York for purposes of the NYLL, and granted H+H's motions to dismiss the NYLL claim. *See Ali*, 2013 U.S. Dist. LEXIS 41886, at *7-8 (noting that, in finding that H+H was not a political subdivision, the Court in *Massiah* "failed to cite any authority for the factors it considered"); *Drayton*, 2011 U.S. Dist. LEXIS 51825, at *7; *Cromwell*, 983 F. Supp. 2d at 277. Defendant respectfully submits the reasoning applied in *Ali*, *Drayton* and *Cromwell* is sound and should apply to this case as well and plaintiff's NYLL claims should be dismissed.

Respectfully submitted,

/s/
Andrea O'Connor
Assistant Corporation Counsel

c:   All Counsel, By ECF